T.C. Memo. 1999-382

UNITED STATES TAX COURT

ANDREWS AMANKWAH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2714-99.                    Filed November 23, 1999.

Andrews Amankwah, pro se.

<u>John R. Gilbert</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

ARMEN, <u>Special Trial Judge</u>:  Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1996 in the amount of $5,394, as well as an accuracy-related

penalty under section 6662(a) in the amount of $1,079.[1]  After concessions by the parties,[2] the issue for decision is whether petitioner is entitled to relief from joint and several liability under section 6015.  We hold that he is not.

## FINDINGS OF FACT

Some of the facts have been stipulated, and they are so found.  Petitioner resided in Phoenixville, Pennsylvania, at the time that his petition was filed with the Court.

Petitioner married Joyce Johnson Amankwah (now known as Joyce Chester) in 1994.  Petitioner and Ms. Chester have a son, who was born in 1995.

Petitioner and Ms. Chester experienced financial difficulties during 1995 and 1996.  During 1995, Ms. Chester was forced to take time away from her Schedule C business because of complications resulting from her pregnancy.  Ms. Chester's Schedule C business was not profitable during 1995 (reporting a

---

[1]  All section references are to the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]  Petitioner concedes that there was a failure to report a taxable pension and annuities distribution in the amount of $21,391 on the joint return that he filed for 1996 with Joyce Johnson Amankwah.  Petitioner also concedes an adjustment in the amount of $14 relating to an early withdrawal penalty. Respondent concedes an adjustment for interest income in the amount of $20.  The parties agree that an adjustment in the amount of $347 for miscellaneous itemized deductions is purely a mechanical matter.  Finally, petitioner does not contest that the penalty under section 6662(a) is applicable.

net loss of about $8,000).  That year, petitioner was attending an M.B.A. program in Finance.  He also earned about $28,000 working on a part-time basis.  In 1996, Ms. Chester's Schedule C business was on the rebound (earning a net profit of $8,794). That year, Ms. Chester also earned income from two other sources in the total amount of $3,309.53.  In 1996, petitioner was still attending the M.B.A. program for about half the year (he received his M.B.A. in Finance in May 1996), and he earned $30,593.09 working on a part-time basis.

Faced with financial difficulties, petitioner urged Ms. Chester to withdraw funds from her retirement account.  He assured her that once he earned his M.B.A. in Finance, he would obtain a high paying position and that they would thereafter replenish her retirement savings.  Thus, during 1995 and 1996, Ms. Chester made a series of withdrawals from her retirement account totaling $47,382 for 1995 and $22,030 for 1996 (gross distributions).  Funds were distributed in the form of checks and were deposited in a joint bank account maintained and used by both petitioner and Ms. Chester.

Petitioner filed joint returns with Ms. Chester for 1995 and 1996.  On the 1995 return, petitioner and Ms. Chester reported a taxable pension and annuities distribution in the amount of $45,500.  On the 1996 return, however, they failed to report any

portion of the distribution.  The 1995 and the 1996 returns were prepared by an accountant.

Petitioner and Ms. Chester were separated in February 1998.

By notice of deficiency dated January 6, 1999, respondent determined that on their joint return for 1996, petitioner and Ms. Chester failed to report taxable distributions from Ms. Chester's retirement account in the amount of $21,391.

Petitioner filed a petition in this Court requesting relief from joint and several liability under section 6015.

## ULTIMATE FINDINGS OF FACT

Petitioner had actual knowledge of all distributions from Ms. Chester's retirement account during the year in issue. Further, petitioner had actual knowledge at the time that he filed the 1996 joint return of the failure to report the taxable distributions totaling $21,391 from Ms. Chester's retirement account.

## OPINION

We begin with section 6015.  Section 6015 provides relief from joint and several liability to any taxpayer who meets the requirements of subsection (b).  The requirements of section 6015(b) that must be met are as follows:

   (A) a joint return has been made for a taxable year;

   (B) on such return there is an understatement[3] of tax attributable to erroneous items of 1 individual filing the joint return;

   (C) the other individual filing the joint return establishes that in signing the return he or she did not know, and had no reason to know, that there was such understatement;

   (D) taking into account all the facts and circumstances, it is inequitable to hold the other individual liable for the deficiency in tax for such taxable year attributable to such understatement; and

   (E) the other individual elects (in such form as the Secretary may prescribe) the benefits of this subsection not later than the date which is 2 years after the date the Secretary has begun collection activities with respect to the individual making the election, * * *

Further, a taxpayer may elect to seek relief from joint liability under section 6015(c) if the taxpayer, at the time of making the election, was no longer married to, or was legally separated from the person with whom the joint return was filed, or if the taxpayer did not live together with such person for the 12-month period preceding the election.  If a taxpayer elects relief under section 6015(c), such taxpayer's liability for any deficiency assessed with respect to a joint return shall not exceed the portion of such deficiency properly allocable, as provided under section 6015(d), to such taxpayer.  However, such

---

 [3]  Sec. 6015(b)(3) provides that the term "understatement" has the meaning given to such term by sec. 6662(d)(2)(A).

taxpayer may not be entitled to relief under section 6015(c) if the Secretary demonstrates that the taxpayer making the election "had actual knowledge, at the time such individual signed the return, of any item giving rise to a deficiency (or portion thereof) which is not allocable to such individual under subsection (d)".  Sec. 6015(c)(3)(C).

Thus, as pertinent here, petitioner may not be relieved from joint and several liability under section 6015(b) to the extent petitioner had actual knowledge, or reason to know, that there were taxable distributions from Ms. Chester's retirement account that were omitted from the 1996 joint return.  Further, petitioner may not be relieved from joint and several liability under section 6015(c) to the extent petitioner had actual knowledge of the distributions from Ms. Chester's retirement account.[4]

In this regard, petitioner testified that he was not aware that Ms. Chester withdrew any funds from her retirement account and was not aware that such amounts were improperly omitted from his and Ms. Chester's joint return for 1996.  However, petitioner did not produce any evidence other than his own self-serving testimony.  In contrast, respondent presented the testimony of

_____

[4] Petitioner failed to indicate whether he seeks relief under sec. 6015(b) or (c).  We therefore consider whether petitioner is entitled to relief under either subsection.

Ms. Chester, who testified that not only was petitioner aware of the distributions, but petitioner in fact urged her to withdraw funds from her retirement account in order to pay the couple's expenses, including tuition for petitioner's postgraduate education and a downpayment on petitioner's car, while he was attending the university. Ms. Chester also testified that petitioner was responsible for organizing the couple's tax records and presenting them to their accountant for the preparation of the 1996 joint return. Respondent also presented certain other documentary evidence, such as records of the joint bank account held by petitioner and Ms. Chester, to establish that petitioner was aware of the taxable distributions.

In Diaz v. Commissioner, 58 T.C. 560, 562 (1972), we observed that the process of distilling truth from the testimony of witnesses, whose demeanor we observe and whose credibility we evaluate, is the daily grist of judicial life.

At trial we had the opportunity to observe both petitioner and Ms. Chester and to evaluate their demeanor as witnesses. We found Ms. Chester to be a credible and earnest witness, and we are satisfied that her testimony was truthful. We regret to say that we were not impressed with petitioner's demeanor. We reject petitioner's testimony because we do not believe it and because it is contradicted by the record. After considering the testimony and documentary evidence presented, and in light of

petitioner's level of sophistication, we are convinced that petitioner was well informed of the family's finances, that he took part in everyday financial decisions, that he was aware of all the distributions made from Ms. Chester's retirement account during the year in issue (if not responsible for the decision to withdraw the retirement funds), and, finally, that he was aware of the failure to report such income on his joint return for the year in issue.

Petitioner also contends that he did not sign the return for the year in issue and that his signature must have been "forged". However, we doubt the veracity of petitioner's claim in this regard. On his submitted Form 8857, Request For Innocent Spouse Relief, petitioner specifically admitted to having signed the 1996 return, declaring that "when I signed the joint return [for 1996] I did not know, and had no reason to know that there was a substantial understatement of tax". In addition, petitioner repeatedly admitted to having intended to file, and having in fact filed, a joint return for the year in issue. Based on the record, it is clear to us that petitioner did sign and file the joint return for the year in issue.

Therefore, because petitioner does not meet at least one of the requirements of section 6015(b) and (c), petitioner is not entitled to relief from joint and several liability. See sec. 6015(b)(1)(C) and (c)(3)(C).

To reflect our disposition of the disputed issue, as well as the parties' concessions,

<u>Decision will be entered</u>

<u>under Rule 155.</u>